THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,       
Respondent,
 
 
 

v.

 
 
 
Devri Lynn Gathings, Ross Keith
Gathings, Delores Claudette Coughlin
IN RE:
Vincent Gathings,       
Defendants,
of whom Delores Claudette Gathings is,       
Appellant.
 
 
 

Appeal From Darlington County
Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2003-UP-664
Submitted September 17, 2003  Filed 
 November 17, 2003

AFFIRMED

 
 
 
Glenn F. Givens, of Florence, for Appellant. 
Newton I. Howle, Jr., of Darlington, for Respondent.
 
 
 

PER CURIAM:   Judge Roger E. Henderson held a merits 
 hearing on July 31, 2002 on the issues of child abuse concerning Vincent Gathings.  
 S.C. Code Ann. § 20-7-736 (Supp.  2001).  Removal occurred as the result of 
 this hearing.    
FACTS / PROCEDURAL HISTORY
 Coughlin is the maternal grandmother of Vincent Gathings.  Ms. Coughlin 
 received legal and physical custody of the child New York. Since she gained 
 custody, Coughlin has moved frequently; the child attended seven schools in 
 seven years.  
The child was placed in foster care as a result of emergency protective custody 
 as the result of a DSS investigation. He was in placement at the time of the 
 merits hearing. DSS reported that Coughlin used profanity towards the child 
 and calling him names such as cock-sucking s.o.b., motherfucker, bastard, 
 and little pussy.  Additionally, there were allegations that Coughlin shook 
 Vincent.  
 Dr. Noelker, A clinical psychologist, testified on behalf of DSS.  
 He testified regarding his evaluations of the parties involved.  Particularly, 
 Noelker testified the child confirmed Coughlins physical and verbal abuse and 
 made it very clear that Vincent did not wish to be returned to Coughlins 
 care.  
Coughlin admitted to grabbing Vincent to deter him from running 
 away from her.  She also admitted to cursing around Vincent, but never 
 directing her comments at him.  Coughlin denied shaking Vincent. 
Coughlins daughter, Devri Gathings testified to witnessing her mother 
 curse Vincent.  She also testified to regularly seeing Coughlin physically abuse 
 and strike Vincent. 
The court found that [r]etention of the child in Ms. Coughlins 
 home,  would place the child at an unreasonable risk of harm affecting the 
 childs life, physical health or safety, and/or mental well-being  The court 
 authorized DSS to terminate or forego reasonable efforts to reunite Vincent 
 and Coughlin because of Coughlins repeated and severe abuse.  Coughlin appeals.
ISSUE
Did the family court err in finding child abuse occurred because 
 the court failed to apply and incorporate the corporal punishment or physical 
 discipline exclusion to the case as revealed by the record?
STANDARD OF REVIEW
In appeals from the family court, the 
 appellate court has the authority to find the facts in accordance with its own 
 view of the preponderance of the evidence. However, because the family court 
 is in a better position to judge the witnesses demeanor and credibility, its 
 findings should be given broad discretion. Scott v. Scott, 354 S.C. 118, 
 124, 579 S.E.2d 620, 623 (2003).
LAW/ANALYSIS
S. C. Code Ann. § 20-7-490(2)(a) states that child abuses occurs 
 when the parent, guardian, or other person responsible for the child's welfare 
 inflicts upon the child physical or mental injury or engages in acts or omissions 
 which present a substantial risk of physical or mental injury to the child, 
 including injuries sustained as a result of excessive corporal punishment.  
 The statute excludes corporal punishment or physical discipline which:

(i) is administered by a parent or person in loco parentis;
(ii) is perpetrated for the sole purpose of restraining or correcting the child;
(iii) is reasonable in manner and moderate in degree;
(iv) has not brought about permanent or lasting damage to the child; and
(v) is not reckless or grossly negligent behavior by the parents.

Id. 
Coughlin argues that the statute excludes qualified 
 corporal punishment or physical discipline.  She asserts that, although she 
 cursed in the presence of Vincent and grabbed him to deter running away, the 
 record lacks evidence showing her behavior constitutes abuse.  Her behavior, 
 she argues is more akin to punishment or discipline.  We disagree.
Gathings testified to witnessing Coughlin cursing and physically abusing and 
 striking the child.  Gathings personally witnessed Coughlin say you dont fucking 
 know anything, you fucking cock sucker.  This language, coupled with grabbing 
 Vincent, clearly amounts to physical abuse within the meaning of the statute. 

We are not convinced that Coughlins grabbing was for the purpose of restraint, 
 but believe the grabbing amounted to physical abuse.  Additionally, the described 
 behavior was not moderate, but was severe enough in nature to warrant DSS intervention.  
 Finally, the expert testified Coughlins reckless and grossly negligent behavior 
 has caused lasting damage to the minor child.  Accordingly, we find that the 
 family court did not err in finding child abuse occurred because the Coughlins 
 behavior did does not satisfy any criteria set forth in the exceptions to the 
 physical abuse statute.
AFFIRMED. 
 [1] 
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 [1] 
 We decide this case without oral argument pursuant to Rule 215, SCACR.